**In re R.W. ROGERS, Sr., Relator.**

**No. 2–01–215–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 7, 2001.

R.W. Rogers, Sr., pro se.

Tim Curry, Criminal District Attorney and Steven W. Conder, Assistant Criminal District Attorney, Fort Worth, for real party in interest.

PANEL A: DAY, HOLMAN, and GARDNER, JJ.

## OPINION

HOLMAN, Justice.

In this pro se petition for writ of mandamus, relator R.W. Rogers, Sr. asks this court to compel the trial court to rule on his "Motion For [DNA Testing] Pursuant to Senate Bill (3)." We conditionally grant the petition in part and deny it in part.

Relator, who is currently incarcerated and indigent, was convicted of aggravated sexual assault in 1988. His motion for DNA testing was filed in the trial court clerk's office on June 6, 2001. On the face of the motion, a notation was made that the motion was presented to the trial court judge but no action was taken for lack of jurisdiction.

In the petition, relator contends that under Senate Bill 3, he has a right to DNA testing to "prove his innocence." He further contends that we have jurisdiction to compel the trial court "to obey the law and fulfill each element set forth under Senate Bill 3."

Under new chapter 64 of the code of criminal procedure, or Senate Bill 3, which went into effect immediately upon passage, a convicted person may file a motion for DNA testing in the "convicting court." Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex.Sess.Law Serv. 2, 2-3 (Vernon) (to be codified at TEX.CODE CRIM.PROC.ANN. art. 64.01). On this basis, we requested a response and directed the State, real party in interest, to answer: (1) whether the trial court had jurisdiction to rule on relator's motion for DNA testing; and (2) if so, whether the trial court ruled on the motion.

In its response, the State concedes that the trial court had jurisdiction to consider relator's motion for DNA testing and that the notation on the motion that the trial court lacks jurisdiction to consider the motion "is an incorrect reading of the new statutes."

Mandamus is appropriate to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Republican Party v. Dietz*, 940 S.W.2d 86, 88 (Tex.1997) (orig. proceeding). A party has no remedy by appeal when a trial court incorrectly determines it lacks jurisdiction over a case. *See In re Barber*, 982 S.W.2d 364, 368 (Tex.1998) (orig. proceeding).

We conclude the trial court abused its discretion in holding it did not have jurisdiction to consider and rule on relator's motion for DNA testing. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to

vacate its decision that it has no jurisdiction to act upon relator's motion for DNA testing. Our writ will issue only if the court refuses to do so. All other relief requested is denied.